The President.
The cases cited prove, that in trespass against two defendants, if one be found guilty, and the other be acquitted, a new trial cannot be granted on the motion of the convicted defendant; and a majority of the Court are of opinion, that the rule is not without reason, since the plaintiff being satisfied, it ought not to be in the power of the convicted defendant to bring his co-defendant into jeopardy again, by obtaining a new trial. Upon authority the rule is fixed. One Judge doubted as to the reason of it, since the ground of new trials being to attain real justice, if the Court perceive that injustice has been done in the acquittal of one defendant, upon principle it would seem right to grant a new trial, from whomsoever the motion might come. And as to authority, the same Judge is of opinion, that though uniform decisions, which establish the rules of property, ought to be adhered to, yet he does not view them as sacred in points of practice, which may be varied, as experience shall evince their convenience or inconvenience. But the Court are unanimously of opinion, that though in general the subordinate Courts need not state the facts on which they ground their opinion for a new trial, yet, in this case, where they granted it against an established rule of practice, they ought to have disclosed the circumstances which induced them to depart from that rule. We are also of opinion, that the District Court erred in awarding a new trial, without payment of costs.
The judgment, and all proceedings from the granting of the new trial inclusive, is to be reversed with *421 costs. Judgment to be entered against Johnson for the damages assessed by the first verdict and costs, and to be entered for Boswell for his costs.